UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ERICA SCREETON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-cv-35 |
| | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., and | ) | |
| BAYER HEALTHCARE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff originally filed suit in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), claiming that her use of the oral contraceptive drug "Yasmin" caused her numerous health problems. (Docket # 1.) The Complaint alleges that Defendant Bayer HealthCare, LLC is a Delaware limited liability company, with its principal place of business in Tarrytown, New York (Compl. ¶ 5), and is therefore diverse to the Plaintiff, a citizen of Indiana.

This allegation, however, is insufficient to establish diversity jurisdiction, as a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, the Plaintiff was ordered to file an Amended Complaint, properly alleging on personal knowledge the citizenship of each member of Bayer HealthCare, LLC. (Docket # 4.) The Plaintiff's Amended Complaint, however, simply provides that: "On personal knowledge, there are no members of Bayer HealthCare, LLC, that are citizens of the State of Indiana." (Am. Compl. ¶ 6.)

The Plaintiff's Amended Complaint is troubling on two levels. To begin, "a naked declaration that there is diversity of citizenship is never sufficient." *Thomas v. Guardsmark,*

*LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007). Rather, the citizenship of each party must be clearly identified. *Id*. Here, the Plaintiff has merely asserted that no members of Bayer HealthCare, LLC are citizens of Indiana. This is insufficient. The Court must be specifically advised of the citizenship of *each member* of Bayer HealthCare, LLC to ensure that none of its members share a common citizenship with the Plaintiff. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). Moreover, citizenship must be "traced through multiple levels" for those members of Bayer HealthCare, LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Furthermore, the Plaintiff's Amended Complaint is particularly worrisome in light of a body of evidence that strongly suggests there is no diversity of citizenship between her and Bayer HealthCare, LLC. On October 1, 2009, the Judicial Panel on Multi-District Litigation transferred 32 cases brought against Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer HealthCare, LLC over the drug Yasmin to the Southern District of Illinois as *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*, 3:09-md-02100, 655 F. Supp. 2d 1343 (J.P.M.L. 2009).[1] In the multi-district litigation, the Defendants' Corporate Disclosure Statement represented that "Bayer HealthCare LLC, a limited liability company organized under the laws of Delaware, is wholly owned by Bayer

---

[1] As of February 18, 2010, there are 686 member cases and 679 Plaintiffs. Although the present case may be transferred to the multi-district litigation, that does not relieve this Court of its independent obligation to ensure that subject matter jurisdiction exists. *See Weese v. Union Carbide Corp*., No. 07-581, 2007 WL 2908014, at *1 (S.D. Ill. Oct. 3, 2007).

Corporation" and that Bayer Corporation is an Indiana corporation. (Defendant's Corporate Disclosure Statement, *In re Yasmin*, No. 3:09-md-02100, DE 40 (S.D. Ill. Oct. 16, 2009)).[2] Other courts have operated under the same belief in unrelated litigation. *See Doe v. Bayer Corp.*, 344 F. Supp. 2d. 466, 468 (M.D. N.C. 2004) (finding that Bayer is an Indiana corporation with a principal place of business in Pennsylvania); *Bayer HealthCare, LLC v. Nagrom, Inc.*, No. Civ.A. 03-2448, 2004 WL 2216491, at *1 (D. Kan. Sep. 7, 2004) ("Bayer HealthCare, a Delaware limited liability company with its animal health business located in this District, is a wholly-owned subsidiary of Bayer Corporation, an Indiana corporation."). Indeed, the records of the Indiana and Pennsylvania Secretaries of State show that Bayer Corporation is an Indiana corporation.[3]

The Court is therefore faced with a compelling body of evidence showing that Bayer HealthCare, LLC is a citizen of Indiana—its sole member, Bayer Corporation, is an Indiana corporation. *See Cosgrove*, 150 F.3d at 731 (explaining that the citizenship of an LLC is that of its members). The Plaintiff, however, has asserted on <u>personal</u> <u>knowledge</u> that none of the members of Bayer HealthCare, LLC are citizens of Indiana. (Am. Compl. ¶ 6.) This disparity must be addressed.

Accordingly, Plaintiff's counsel are ORDERED to file an affidavit in support of

---

[2] As is well established, corporations "are deemed to be citizens of the state in which they are incorporated and of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990); *see* 28 U.S.C. § 1332(c)(1).

[3] *See* Indiana Secretary of State Business Services Online, https://secure.in.gov/sos/bus_service/online_corps/name_search.aspx (last visited Feb. 18, 2010); Pennsylvania Secretary of State Corporations Search, https://www.corporations.state.pa.us/corp/soskb/csearch.asp?corpsNav=| (last visited February 18, 2010). *See also Colon v. SmithKline Beecham Corp.*, No. 09-1073, 2010 WL 46523, at *3 (S.D. Ill. Jan. 5, 2010) (stating that the Court may take judicial notice of online records of corporations); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (same).

Plaintiff's Amended Complaint forthwith, specifically detailing the personal knowledge upon which their assertion is based and how they obtained it. In preparing their affidavit, counsel are to re-acquaint themselves with Federal Rule of Civil Procedure 11(b) and Indiana Rule of Professional Conduct 3.3(a)(1).

SO ORDERED.

Enter for February 18, 2010

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge